**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE MENDEZ ROBLEDO,** | ) | **CASE NO. 1:20 CV 723** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| **STATE OF OHIO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Complaint of *pro se* Plaintiff Jose Mendez Robledo against defendants State of Ohio and Lorain Correctional Institution ("LCI") (Doc. # 1). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming "personal injury." (Doc. # 1-1.)

For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Plaintiff is a state prisoner incarcerated at LCI. He alleges that he is a diabetic with a bottom range housing restriction but, on December 25, 2019, he was housed in a top range cell. (Doc. # 1 at 4). Plaintiff states that on that date, he was going from the top range to the bottom range and fell down approximately 10 steps. He claims that the steps were wet but no sign was posted to warn inmates. (*Id.*).

Plaintiff sustained injuries from the fall, including bruising on his torso, arms, and legs,

and pain in his lower back and spine. He was transported to the medical unit at LCI by a motorized cart where he received an epidural for pain. Plaintiff stayed in medical unit for three days and was then transported to University Hospital where he was examined by a doctor and X-rays were taken. The X-rays "were negative" and he was advised that his injuries were soft tissue and would take 3-6 months to heal. Plaintiff was given pain medication, a walker, and a back brace.

But as of March 18, 2020, Plaintiff states that he is still experiencing pain and using pain medication, a back brace, and a cane. Plaintiff alleges that the only medical care he receives now is from the LCI medical unit and has not been provided with a medical mat. (*Id.*). For relief, he seeks "full outside" medical attention, both urgent and long-term care at State expense, and damages in the amount of 20.8 Million Dollars. (*Id.* at 5).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.  ANALYSIS

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**Defendants are immune from suit under § 1983**

As an initial matter, defendant State of Ohio and LCI are immune from suit.  It is well-established that the State of Ohio is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  In addition, the State of Ohio is immune from suit under the Eleventh Amendment unless the State has consented to suit, or the State's Eleventh Amendment immunity has been abrogated by Congress.  When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity.  *Id*.  Nor has the State of Ohio consented to suit under § 1983.  *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its immunity to suit in § 1983 cases).  Accordingly, the State of Ohio is immune from suit and the Court lacks subject matter jurisdiction over this case. *See Thomson v. Ohio State Univ. Hosp.*, 5 F. Supp. 2d 574, 576 (S.D. Ohio 1998) ("[T]he Eleventh Amendment to the United States Constitution prevents a federal court from entertaining a suit brought by a citizen against his own state.") (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)), *aff'd*, 238 F.3d 424 (6th Cir. 2000).

With respect to defendant LCI, LCI is not a legal entity capable of being sued under § 1983.  *See Miles v. Richland Corr. Inst.*, No. 1:14-CV-01648, 2015 WL 366898, at *3 (N.D.

-3-

Ohio Jan. 27, 2015) (Richland Correctional Institution is not a legal entity capable of being sued under § 1983) (citing *Brown v. Imboden,* 2011 WL 3704952 at * 2 (N.D. Ohio Aug. 23, 2011) (finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983)). Moreover, LCI is part of the Ohio Department of Rehabilitation and Correction ("ODRC"). The ODRC, as an agency of the State of Ohio, is not a "person" for the purposes of § 1983 and is immune from suit pursuant to the Eleventh Amendment for the reasons discussed above. *See Bratton v. Univ. of Akron*, 142 F.3d 432 (Table) (6th Cir. 1998) ("The University of Akron, as an instrumentality of the State of Ohio, is immune from an action for damages and injunctive relief in federal court because Ohio has not expressly waived its immunity.") (citations omitted).

Thus, Plaintiff fails to state a plausible § 1983 claim for relief against defendants State of Ohio and LCI, and they are immune from suit. Accordingly, Plaintiff's claims against the State of Ohio and LCI are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Plaintiff fails to state a plausible § 1983 claim

Plaintiff brings this action pursuant to § 1983, under which a plaintiff may hold state actors liable for violations of constitutional and federal law. Plaintiff identifies his claim as a tort of "personal injury." (*See* Doc. # 1-1). Personal injury torts are state law claims not cognizable under § 1983. *See McNeil v. Richland Corr. Med.*, No. 1:19-CV-2699, 2020 WL 1066361, at *2 (N.D. Ohio Mar. 5, 2020) (citing *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (medical malpractice claims are not cognizable under § 1983)); *see also Zeune. v. Mohr*, No. 2:14-CV-153, 2015 WL 6468541, at *6 (S.D. Ohio Oct. 27, 2015) (citing *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005) (explaining that a state law tort claim is

not, on its own, "a cognizable constitutional claim remediable pursuant to 42 U.S.C. § 1983"), report and recommendation adopted sub nom., *Zeune v. Mohr*, No. 2:14-CV-153, 2015 WL 7454672 (S.D. Ohio Nov. 23, 2015).

To the extent that Plaintiff is asserting a claim regarding the medical care he is receiving at LCI for injuries sustained in the fall, he also fails to state a cognizable § 1983 claim. Claims that prison medical personnel were negligent in diagnosing or treating a medical condition do not state a constitutional claim for deliberate indifference to a prisoner's serious medical need under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Here, Plaintiff received and is receiving treatment for the injuries he sustained. His dissatisfaction with that treatment does not state a cognizable constitutional claim. *Id*. at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued and would have led to an appropriate diagnosis and treatment for the daily pain he was suffering).

Accordingly, Plaintiff fails to state a plausible § 1983 claim, and this action is subject to dismissal pursuant to § 1915(e)(2)(B) for this additional reason.

**Supplemental jurisdiction**

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction over state law claims when that court has dismissed all of the claims over which it has original

jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Here, the Court has dismissed Plaintiff's § 1983 action in its entirety. Therefore, to the extent that Plaintiff is asserting state law claims the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), and those claims are dismissed without prejudice.

## IV.  CONCLUSION

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

    s/*Dan Aaron Polster*    4/27/2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.